IN THE UNITED STATES DISTRICT COURT FILED-WD
FOR THE NORTHERN DISTRICT OF ILLINOIS

2002 JUL 25 PM 1: 50

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LODGING CONCEPTS, INC., ) | |
| ) | Civil Action No. 02-C-50164 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FIRST BASE FOR WOMEN, LLC and ) | |
| ACCEL, INC., ) | |
| ) | |
| Defendants. ) | |

# ANSWER AND AFFIRMATIVE DEFENSES
# OF DEFENDANT, ACCEL, INC.

## COUNT I

NOW COMES the Defendant, ACCEL, INC., an Ohio corporation, hereinafter "ACCEL", by its attorneys, MAGGIO & FOX PROFESSIONAL CORPORATION, and respectfully states that no response is required to Count I of the Complaint, since said Count is directed only to the Defendant, FIRST BASE FOR WOMEN, LLC, an Ohio Limited Liability Company.

## COUNT II

NOW COMES the Defendant, ACCEL, INC., an Ohio corporation, hereinafter "ACCEL", by its attorneys, MAGGIO & FOX PROFESSIONAL CORPORATION, and as its Answer to Count II of the Complaint, states as follows:

1. ACCEL admits the allegations contained in ¶1 of Count II of he Complaint.



2. ACCEL admits the allegations contained in ¶2 of Count II of the Complaint. Furthermore, ACCEL admits that Exhibit "A" is attached to the Complaint, but states that said Exhibit speaks for itself.

3. ACCEL admits the allegations contained in ¶3 of Count II of the Complaint.

4. ACCEL admits that Exhibit "B" is attached to the Complaint and that said Exhibit speaks for itself. ACCEL denies any allegation contrary to that set forth in Exhibit "B". ACCEL admits the remaining allegations contained in ¶4 of Count II of the Complaint.

5. ACCEL states that a Purchase Order between FIRST BASE FOR WOMEN, LLC and Plaintiff originally provided that the product would be sent in seven (7) shipments. However, subsequent to the Purchase Order being issued, the parties engaged in additional negotiations regarding the manufacture and shipment of the product. The Purchase Order was modified pursuant to oral agreement and confirmed in writing. The modification provided that the amount of units being purchased was equal only to the amount of units which were prepaid by FIRST BASE prior to being manufactured by the Plaintiff. ACCEL further states that the agreement modified the scheduled shipment dates identified in ¶5 and identified in the Purchase Order. ACCEL denies the remaining allegations contained in ¶5 of Count II of the Complaint.

6. ACCEL lacks knowledge as to the veracity of the allegations contained in ¶6 of Count II of the Complaint, therefore denies the same and places upon the Plaintiff the strictest burden of proof with respect thereto.

7. ACCEL admits the allegations contained in ¶7 of Count II of the Complaint.

8. ACCEL admits that FIRST BASE notified Plaintiff regarding the marketing of the breast self-exam shower kits and that FIRST BASE discussed the modification of the terms of the Purchase Order. ACCEL denies the remaining allegations contained in ¶8 of Count II of the Complaint.

9. ACCEL admits that representatives of Plaintiff and FIRST BASE met to specifically discuss modification of the Purchase Order. ACCEL states that the modification of the Purchase Order changed the terms of the contract to provide that the amount of units being purchased was equal only to the amount of units which were prepaid by FIRST BASE prior to being manufactured by Plaintiff. The ship dates and the amount of the units being purchased were changed from the Purchase Order to provide for flexible ship dates and for purchase of only the amount of units reflected in the prepaid order confirmations. ACCEL denies the remaining allegations contained in ¶9 of Count II of the Complaint.

10. ACCEL states that FIRST BASE did not authorize the manufacture of the third shipment. ACCEL denies the remaining allegations contained in ¶10 of Count II of the Complaint.

11. ACCEL denies the allegations contained in ¶11 of Count II of the Complaint.

12. ACCEL lacks knowledge as to the veracity of the allegations contained in ¶12 of Count II of the Complaint, therefore denies the same and places upon the Plaintiff the strictest burden of proof with respect thereto.

13. ACCEL admits the allegations contained in ¶13 of Count II of the Complaint.

14. ACCEL admits the allegations contained in ¶14 of Count II of the Complaint.

15. ACCEL admits that Exhibit "C" is attached to the Complaint and states that said Exhibit speaks for itself. ACCEL admits the remaining allegations contained in ¶15 of Count II of the Complaint.

16. ACCEL denies the allegations contained in ¶16 of Count II of the Complaint.

17. ACCEL denies that FIRST BASE has breached its agreement with respect to the Purchase Order and denies all other allegations contained in ¶17 of Count II of the Complaint.

WHEREFORE, the Defendant, ACCEL, INC., an Ohio corporation, respectfully requests this Court dismiss Count II of the Complaint and to award to said Defendant all costs incurred in defending the same and for all other relief this Court deems just and necessary.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, ACCEL, INC., an Ohio corporation, hereinafter "ACCEL", by its attorneys, MAGGIO & FOX PROFESSIONAL CORPORATION, and as its Affirmative Defenses to Count II of the Complaint, states as follows:

## AFFIRMATIVE DEFENSE NO. 1 - MODIFICATION OF PURCHASE ORDER

1. ACCEL states that the original Purchase Order between FIRST BASE FOR WOMEN, LLC and Plaintiff was modified by the parties after a meeting in Ohio on or about September 5, 2001.

2. The modifications were confirmed in a series of e-mails between FIRST BASE and Plaintiff. Copies of said e-mails are attached hereto as Group Exhibit "1" and incorporated herein by reference.

3. The Purchase Order was specifically modified to provide that FIRST BASE would only be obligated to purchase that amount of product, as defined in the Complaint, for which FIRST BASE had tendered prepayment. Furthermore, it was the understanding of FIRST BASE that no further product would be manufactured by Plaintiff until payment was received.

4. FIRST BASE has not requested the additional manufacture of product.

5. FIRST BASE is not required to tender further payment to Plaintiff on the basis of the September, 2001 modification to the Purchase Order.

6. Since there are no funds due and owing from FIRST BASE to Plaintiff there is no guaranty liability of ACCEL.

7. All amounts due and owing to Plaintiff have been paid.

## AFFIRMATIVE DEFENSE NO. 2 - MITIGATION OF DAMAGES

1. Plaintiff has alleged that it has purchased materials and manufactured Product with respect to the Purchase Order involving FIRST BASE FOR WOMEN, LLC.

2. Plaintiff is required to mitigate its damages with respect to any materials it may have purchased or any product that it may have manufactured.

3. Plaintiff has failed to allege mitigation of damages in its Complaint.

Dated this 25th day of July, 2002.

                    ACCEL, INC., an Ohio corporation, Defendant

BY:   MAGGIO & FOX PROFESSIONAL CORPORATION

BY:   _____
       Gregory A. Biegel

**PREPARED BY:**
Gregory A. Biegel
MAGGIO & FOX PROFESSIONAL CORPORATION
501 Seventh St., Suite 501
Rockford, IL 61104
(815) 968-5100

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED-WD
2002 JUL 25 PM 1:50
U.S. DISTRICT COURT

| | | |
|---|---|---|
| LODGING CONCEPTS, INC., | ) | |
| | ) | Civil Action No. 02-C-50164 |
| Plaintiff, | ) | |
| vs. | ) | |
| FIRST BASE FOR WOMEN, LLC and ACCEL, INC., | ) | |
| Defendants. | ) | **NOTICE OF FILING** |

TO:    Richard A. Palmer, Esq.
WARD, MURRAY, PACE & JOHNSON, P.C.
202 East Fifth Street
P.O. Box 400
Sterling, IL 61081-0400

**PLEASE TAKE NOTICE**, that on the 25th day of July, 2002 the undersigned personally served the above-named, counsel for Plaintiff, with a copy of Defendant's, ACCEL, INC., **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, ACCEL, INC.** and hereby filed this NOTICE in the Clerk's office for the United States District Court, Northern District of Illinois, Western Division.

Dated this 25th day of July, 2002.

ACCEL, INC., Defendant

BY:    MAGGIO & FOX PROFESSIONAL CORPORATION

BY:    _____
Gregory A. Biegel
One of its attorneys

**PREPARED BY:**
Gregory A. Biegel
MAGGIO & FOX PROFESSIONAL CORPORATION
501 Seventh St., Suite 501
Rockford, IL 61104
(815) 968-5100

    The undersigned hereby states that a copy of the above NOTICE was served on the party as above addressed, in an envelope, sealed, postage prepaid, and depositing same in the United States Mail at Rockford, Illinois at or about the hour of 5:00 P.M. on the 25th day of July, 2002.

Subscribed and sworn to before me
this 25th day of July, 2002.

_____
NOTARY PUBLIC

OFFICIAL SEAL
SUSAN C. ZIMMERMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-21-2006

C:\jMyFiles\02.5099\Notice of Filing (A&AD - Accel).doc

msn Hotmail® julieamling@hotmail.com

Inbox | Previous Page

**From:** "Julie Amling" <julieamling@hotmail.com>
**To:** julieamling@hotmail.com
**Subject:** Re: Meeting September 5
**Date:** Mon, 10 Sep 2001 08:34:49 -0400

Hi, George. Apparently, we had some problems with our system on Friday and none of our outgoing messages were sent, so here's a belated reply. I just got back from Chicago on Friday -- the bottles look great, thanks! Shyra did mention that we were one box short on the first shipment, though, so you'll want to look into that.

Obviously, we didn't get a check to you last week and we recognize there will be a delay in the third shipment until that's received. We're OK with that and will get a check to you as soon as possible. Additional $15,000 deposit should be on it's way today.

Thanks for bringing up the mammogram labels. I'd assumed those were already printed, but since they're not, we would like to take the opportunity to do them "right." I've got someone working on art right now for what I'd like to do: it will be a card (roughly 4"x6") with 14 small stickers on one side (each 1"x1/2" - 12 months plus mammogram and clinical exam stickers -- I'd like to add one to keep the number even and to emphasize all three early detection methods). On the opposite side, I'd like to print instructions for placement. Is that do-able from your end? Can you run a quick estimate for me and let me know if I get you the art today, if you'll be able to get them to me by Friday or Monday of next week?

Thanks,
Julie

From: "George" <george@lodgingconcepts.com>
To: "David Abraham" <dabraham@accel-inc.org>
CC: "Ray Romano" <ray@lodgingconcepts.com>, "Andy Steyn" <andy@lodgingconcepts.com>, "Papa Abraham" <pabraham@accel-inc.org>, [redacted]
"Shyra Eichhorn" <seichhorn@accel-inc.org>, "Julie Amling" <julieamling@hotmail.com>
Subject: Meeting September 5
Date: Thu, 6 Sep 2001 08:16:25 -0400

Dear David:

First I would like to thank you for your hospitality yesterday. The lunch [redacted] and the conversation even better....

EXHIBIT
1
ALL-STATE LEGAL

Page 2 of 2

Hotmail

We would like to confirm our discussions about the balance of the payments for PO10002 for First Base.

1) An additional $15,000 will be sent to you to be held as a deposit against the order. This will increase the total amount of the deposit to $50,000. The amount will be applied to the last release unless a letter of credit is discussed previously is provided, at which time the $50,000 will be promptly refunded.

2) YouDwill provide a check in advance of each release and allow us two weeks to manufacture and ship each release. The first release has already been received and the second check is in hand (today YX arrives on Monday, September 10). The Allied release will need a check by tomorrow to keep the schedule release date of September 17.

Let me point out also sleeves without the Olde label "Mamagram" that is pending the approval of the art. He also made the new logo label and the art should be made the last art. We will have the new Lpal and the art and we need a few this point changes. Then we will have separately for the $150K for this disc.

In addition to the labels for each separate month have not been ordered. Maybe we can run this through the production run of the Mamagram labels making both labels the same size for each and only incurring the cost. But further I know the details further this day or day not work.

Mr. Roth, Ray, and myself found our meeting yesterday to be very open and forthright. We believe there is a tremendous opportunity to pursue our discussions further. Our next step is to acknowledge this with our current partners, Captive Elastics.

Please advise how we are to proceed with future releases for First Base as soon as possible.

Best Regards, George
800.320.5983, extension 13